UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| LYNNA J. ANDERSON and ROY G. ANDERSON, | § § § | |
| Plaintiffs, | § § | |
| v. | § | CIVIL ACTION NO. V-06-114 |
| MERCK & CO., INC., *et al.* | § § § § | |
| Defendants. | § | |

**ORDER**

Pending before the Court are Defendant Merck & Co., Inc.'s ("Merck") Motion to Stay (Dkt. #8) and Plaintiffs' Motion to Remand (Dkt. #13). After considering the parties' arguments and the applicable law, the Court is of the opinion that the Defendant's Motion to Stay should be granted.

This action was originally filed in the 377th Judicial District Court of Victoria County, Texas. *See* Notice of Removal, Dkt. #1. Plaintiffs allege that they suffered adverse side-effects as a result of using Vioxx, an anti-inflammatory drug manufactured and marketed by Merck. Defendants removed the action to federal court on November 10, 2006, citing diversity of citizenship as the basis for federal jurisdiction under 28 U.S.C. § 1332. Shortly after filing its Notice of Removal, Defendants filed a motion to stay all proceedings in this action pending transfer to the United States District Court for the Eastern District of Louisiana, which currently presides over the multidistrict litigation proceeding, MDL No. 1657, *In re VIOXX Products Liability Litigation*. *See* Dkt. #8. Plaintiffs urge this Court to rule on their motion to remand, instead of staying the proceeding, claiming that diversity jurisdiction does not exist because certain sales representative defendants are Texas residents. Defendants assert that these non-diverse defendants were fraudulently joined in this action.

In a broader context, this case is one of hundreds around the nation brought by plaintiffs who allege that they suffered adverse side-effects from using the drug Vioxx. On February 16, 2005, the Judicial Panel on Multidistrict Litigation established a multidistrict proceeding in the United States District Court for the Eastern District of Louisiana to coordinate and/or consolidate the pretrial proceedings for the federal lawsuits relating to Vioxx. After receiving notice from Merck regarding the pendency of this action, the MDL Panel issued a conditional transfer order on December 5, 2006. The MDL Panel set January 4, 2007 as the filing deadline for any motions opposing the transfer. Plaintiffs have filed an opposition to the transfer.

The decision whether to grant or deny a stay in these circumstances is completely within the discretion of the court. *Kennedy v. Novartis Pharms. Corp.*, 2002 U.S. Dist. LEXIS 17266, *4 (E.D. La. 2002) (citing *Landis v. North American Co.*, 299 U.S. 248 (1936)). The MDL court has been dealing with cases of this type for over a year and has developed extensive experience handling the pre-trial issues that commonly arise in the Vioxx products liability litigation, including motions for remand. *See In re VIOXX Prods. Liab. Litg.,* 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005) (noting "motions to remand . . . in any other MDL-1657 actions can be presented to and decided by the transferee judge"). Staying this case in order to give the MDL court the opportunity to transfer it would promote judicial efficiency and help to avoid the possibility of inconsistent decisions. *See Whelan v. Merrell-Dow Pharm., Inc.*, 117 F.R.D. 299, 300 (D.D.C. 1987) ("[T]he purpose of multidistrict pretrial proceedings is to consolidate cases to prevent duplication of discovery, avoid inconsistent pretrial rulings and to conserve and economize judicial effort.").

Accordingly, Merck's Motion to Stay all proceedings pending transfer to MDL 1657 is GRANTED. Thus, all proceedings in the above-captioned matter are hereby STAYED pending the

transfer decision by the MDL court. The Court hereby ORDERS Merck to provide the Court with a status report on this case within sixty (60) days of the date of entry of this Order.

It is so ORDERED.

Signed this 5th day of January, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE